# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELINDA F. TOCHER, | Case No. SA CV 12-1266 JCG |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,[1] | |
| Defendant. | |

Melinda F. Tocher ("Plaintiff") challenges the Social Security Commissioner's ("Defendant") decision denying her application for disability benefits. Specifically, Plaintiff contends that the ALJ erroneously gave great weight to the opinion of the medical expert, Dr. Sami A. Nafoosi, whose American Board of Internal Medicine certification had long been expired.[2] (Joint Stip. at 4-6, 8-9.) The

---

[1] Carolyn W. Colvin is substituted as the proper defendant herein. *See* Fed. R. Civ. P. 25(d).

[2] Incidentally, this is not the first time an ALJ's assessment of medical evidence has been challenged because of Dr. Nafoosi's invalid board certification. *See, e.g.*, *Moreno v. Colvin*, 2013 WL 1661566 (C.D. Cal. Apr. 16, 2013); *Bogosian v. Astrue*,

1  Court agrees with Plaintiff for the reasons stated below.

2  The Social Security regulations consider numerous factors relevant in
3  weighing medical opinions. *See generally* 20 C.F.R. § 404.1527. Among them is
4  the physician's specialization. *Id.* § 404.1527(c)(5).

5  Here, the ALJ gave the "greatest weight" to the testimony of the medical
6  expert, Dr. Nafoosi. (AR at 34.) In support of this assessment, the ALJ explicitly
7  referred to Dr. Nafoosi's expertise as an "internal medicine specialist," a
8  characterization that was informed, at least in part, because Dr. Nafoosi was, in the
9  ALJ's words, "[b]oard certified in internal medicine."[3/] (AR at 33-34.)

10  As it turns out, Dr. Nafoosi was not board certified – not since December 31,
11  2007, nearly three years before the administrative hearing. (Joint Stip. at 6; Exh. 1.)
12  Thus, it would appear that the immense weight afforded to Dr. Nafoosi's opinion
13  was unwarranted.

14  Defendant, however, argues that this error is insignificant, as medical experts
15  do not need to be board certified in order to testify. (Joint Stip. at 7.) In fact, it is
16  not uncommon, so Defendant reasons, for uncertified experts to be given greater
17  weight than their certified counterparts. (*Id.*)

---

2012 WL 1956861, at *2-*3 (C.D. Cal. May 31, 2012).

[3/] Granted, according to the ALJ, Dr. Nafoosi was also given great weight because his opinion was "well supported by the objective medical evidence." (AR at 34.) Elsewhere, this has been good reason to believe that "board certification status was not an important factor in the weight given to [a medical] opinion." *Moreno*, 2013 WL 1661566, at *3 n.4.

But here, unlike in *Moreno*, additional clues suggest that Dr. Nafoosi's credentials played a significant role in how his testimony was assessed. The ALJ, for instance, took great care to note the qualifications of every physician cited, including a "[b]oard-eligible psychiatrist" and a "licensed clinical psychologist." (AR at 32-33.) By comparison, the ALJ *thrice* noted Dr. Nafoosi's expertise. (*See id.* ("[b]oard certified in internal medicine," "internal medicine specialist," and "his expertise is in internal medicine").)

2

1   Even so, the Court may review only those reasons asserted by the ALJ in his decision. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). It is thus of no import here whether, as Defendant has demonstrated, the ALJ *could* have given Dr. Nafoosi greater weight for *other* reasons.[4]

Moreover, contrary to Defendant's assertions, harm is apparent here. "Although [board] certification is unnecessary, it is an added prestige upon which ALJs tend to rely." *Bogosian*, 2012 WL 1956861, at *3. And, in relying on such an indicia of prestige, the ALJ necessarily discounted other medical evidence, including the opinions of at least *four* examining physicians.[5] *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (examining physicians are typically afforded great deference). It appears likely, then, that the ALJ's credibility determination may have been different had he known that Dr. Nafoosi was not actually board certified. A finding of error is therefore appropriate.

With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). But where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find

---

[4] For instance, Defendant notes that the medical record is "[c]onsistent with Dr. Nafoosi's opinion" and shows that Plaintiff's carpal tunnel syndrome "improved with treatment." (Joint Stip. at 7.) Similarly, Defendant notes that Plaintiff's "alleged dysfunction" is inconsistent with "her ability to stand, walk and sit for extended periods." (*Id.*)

[5] These physicians include Debra S. Peterson, Plaintiff's treating chiropractor; Dr. James Law, Plaintiff's primary care physician; Dr. Neda Jahaverian, the psychiatric consultative examiner; and Dr. Halimah McGee, the psychological consultative examiner. (*See* AR at 32-33.)

plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See id.* at 594.

Here, in light of the ALJ's error, the credibility of Dr. Nafoosi and other medical sources must be properly assessed. Therefore, on remand, the ALJ shall reevaluate their opinions and either credit them as true, or provide valid reasons for any portion that is rejected.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.[6]

Dated: May 29, 2013

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

---

[6] In light of the Court's remand instructions, it is unnecessary to address Plaintiff's remaining contentions. (*See* Joint Stip. at 9-13, 16-23, 26-27.)